UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MASON,<br>　　　　Plaintiff,<br>　　v.<br>CDCR OFFICERS, et al.,<br>　　　　Defendants. | Case No. 23-cv-02888 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against "CDCR Officers," "CDCR Nurses," "CDCR Doctors," and the "California Department of Corrections." Dkt. No. 1 at 1. At the time he filed the complaint, Plaintiff was incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego. *Id.* This matter was reassigned to the undersigned on July 31, 2023. Dkt. Nos. 6, 7. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**I.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)

II. **Plaintiff's Claims**

Plaintiff claims that on January 6, 2022, he had surgery on his left knee and was ordered by the surgeon not to walk. Dkt. No. 1 at 2. Plaintiff claims that when he returned "to the prison at CTC," he informed the "RNs" that since he was ordered by the doctor not to climb stairs or to walk, he would need a wheelchair and to be moved to a lower tier cell. *Id.* at 3. Plaintiff was told by the "RNs" that the building officers would handle it. *Id.* However, when he returned to the building, the "officers" said they were not going to

2

move him without a "lower chrono." *Id.* Plaintiff was forced to climb the stairs to his cell, causing him to re-tear his tendons. *Id.* Plaintiff claims that the "Nurses" refused to "do wound care that caused [him] to catch an infection." *Id.* The "Nurses" then took his pain medications, leaving him in extreme pain and suffering. *Id.* Plaintiff claims he is in a wheelchair and unable to walk "due to the nurses refusing to give [him[ a lower… chrono" and "custody… forcing [him] to climb up and down the stairs to receive [his] pain meds" and exacerbate his tear. *Id.* Plaintiff seeks damages and release from prison. *Id.*

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2018).

Liberally construed, Plaintiff's allegations implicate the Eighth Amendment based on the deliberate indifference to serious medical needs by the "Nurses" and "Officers." However, the allegations are insufficient because Plaintiff fails to identify a single defendant by name such that this matter can be served on the appropriate party. Identifying the Defendants as "CDCR Officer," "CDCR Nurses," and "CDCR Doctors" is

3

simply insufficient, and the allegations are insufficient to state any claim against the California Department of Corrections and Rehabilitations. Furthermore, Plaintiff's allegations are general and fail to satisfy the two elements to state an Eighth Amendment claim against specific individuals. Lastly, Plaintiff fails to explain where the alleged events took place. He refers to the "prison at CTC" but this not sufficient to identify the specific California correctional facility. Dkt. No. 1 at 2-3. If the events took place at RJD, where Plaintiff is currently incarcerated, then this matter must be transferred to the United States District Court for the Southern District, as the appropriate venue for this action. *See* U.S.C. § 84(d); 28 U.S.C. § 1391(b).

With regard to release from prison, that form of relief is not available in a civil rights action. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Since Plaintiff is clearly not challenging the basis of his underlying confinement, the Court need not construe this action as one sounding in habeas. Plaintiff should confine the relief sought to declaratory relief, injunctive relief, and damages.

Plaintiff shall be granted leave to amend this claim to correct the deficiencies described above. In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

4

# CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-02888 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative,** Plaintiff may file notice that the matter should be transferred to the United States District Court for the Southern District as the proper venue. The Court will then order the matter transferred. *See* 28 U.S.C. § 1406(a).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim for relief.**

3. The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __October 3, 2023____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.23\02888Mason_dwlta