UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MASON,<br><br>           Plaintiff,<br><br>      v.<br><br>C.D.C.R OFFICERS, et al.,<br><br>           Defendants. | Case No. 23-cv-02888-RFL<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Joshua Mason, a state prisoner, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and Plaintiff filed a second and later a third amended complaint. The third amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

When liberally construed, Plaintiff states an Eighth Amendment claim against Defendants Yeh, Lara, Lalas, Cienega, Martinez, Ssempebna, Godbe, Gonzalez, and Salcedo for failure to provide proper medical care and medical accommodations. All other claims and Defendants are DISMISSED. Defendants shall file a response to the complaint, a dispositive motion, or a notice regarding such motion, on or before **February 19, 2025**.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

1

28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Allegations**

Plaintiff alleges as follows: Plaintiff had knee surgery on January 6, 2022, and was instructed to use a lower bunk and lower tier and not to walk, put any weight on his leg, or use stairs. Defendant Dr. Yeh failed to ensure that Plaintiff was provided with a lower bunk, a lower tier with no stairs, or proper wound care. Even after Plaintiff informed Dr. Yeh that he needed proper care and accommodations, he was ignored. Defendant Dr. Lara failed to complete the proper paperwork regarding Plaintiff's surgery, which resulted in Plaintiff being transported in a van without proper accommodations for his knee and not having the proper bunk, and wound care upon return to the prison. Due to these failures, Plaintiff had to frequently use stairs which left him injured and the lack of proper wound care resulted in an infection.

Defendant Nurse Lalas failed to provide proper treatment for Plaintiff regarding his wound care and on another occasion Defendant Nurses Cienega, Martinez, Sempebna, and Godbe laughed at Plaintiff and did not provide proper care when his wound would not stop bleeding and became infected.

Defendant Correctional Officers Gonzalez and Salcedo ignored Plaintiff's requests and transported him to and from the surgery in a van without proper accommodations for his knee and they forced him to walk stairs after the surgery. This caused Plaintiff further pain and injury.

Plaintiff briefly describes that before the surgery he was denied crutches and was forced to live on an upper tier with stairs, but he provides no specific allegations as to why Defendants should have known that he had a serious medical need for crutches or a lower tier location at that time. He also presents vague allegations against unknown Defendants who left him in the shower on one occasion and on another day forced him to walk upstairs.

**C.     Analysis**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104).

When liberally construed, Plaintiff states an Eighth Amendment claim against the Defendants for failing to properly treat his medical needs and for failing to provide proper medical accommodations following the surgery.

Plaintiff also presents vague allegations against unknown Defendants who left him in the shower or forced him to walk upstairs at an unspecified time. These bare allegations are

dismissed for failure to state a claim. Similarly, Plaintiff's brief allegations regarding events prior to his surgery are dismissed because they do not explain what Defendants knew about his medical needs at that time or state the necessary facts to allow a plausible inference of deliberate indifference to his medical needs.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders service of the third amended complaint (Dkt. No. 26), and all attachments thereto, on the following Defendants at Salinas Valley State Prison: Dr. Michael Yeh, Dr. Daniel Lara, Nurse Kenneth Lalas, Nurse Jason Cienega, Nurse Rosa Martinez, Nurse Francis Ssempebna, Nurse Samantha Godbe and Correctional Officers Gonzalez and Salcedo who transported Plaintiff to surgery on January 6, 2022. Defendants shall respond to the cognizable claims raised in the complaint.

2. Service on these Defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the third amended complaint (Dkt. No. 26) and its attachments; this order; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

3. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service

4

Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the complaint for service upon each Defendant who has not waived service.

     5.    On or before **February 19, 2025**, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

          a.    If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

          b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

     6.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than forty-five (45) days from the date defendant's motion is filed.

     7.    Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

     8.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     9.    All communications by the Plaintiff with the Court must be served on defendant, or on defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or defendant's counsel.

     10.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order.  Such requests must be made directly to jail officials, not to the Court.

11.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

13.     A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012).  Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact

that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: October 17, 2024

RITA F. LIN
United States District Judge