UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MASON,<br><br>        Plaintiff,<br><br>v.<br><br>KENNETH LALAS, et al.,<br><br>        Defendants. | Case No. 23-cv-02888-RFL (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, DKT. NO. 44;**<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, DKT. NO. 61**<br><br>**ORDER DISMISSING COMPLAINT AS TO DEFENDANTS YEH AND LARA WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 44, 61, and 63 |

**INTRODUCTION**

Plaintiff Joshua Mason alleges in his 42 U.S.C. § 1983 complaint that medical and security staff at Salinas Valley State Prison violated his Eighth Amendment rights by failing to provide proper post-surgery care. Defendants have filed two motions to dismiss the operative complaint under Rule 12(b)(6). (Dkt. Nos. 44 and 61.)

Defendants Yeh, Lara, Cienega, Martinez, Sempebna, and Godbe's motion to dismiss (Dkt. No. 44) is GRANTED in part and DENIED in part. The motion is granted as to the claims against Drs. Yeh and Lara because Mason has not alleged sufficient facts in his complaint showing that these defendants were aware of his post-surgery conditions or the surgeon's instructions. Therefore, he has not met the knowledge element required to state a claim of deliberate indifference to medical needs. Leave to amend will be allowed because he describes facts in his opposition brief that may be sufficient if added to an amended complaint. The

1

motion to dismiss is denied as to Cienega, Martinez, Sempebna, and Godbe.  The allegations in his complaint are sufficient to state a claim for relief against those defendants.  Mason will need to repeat his allegations against these defendants in any amended complaint to ensure that they remain in the case.

Defendants Acevedo and Gonzalez's motion to dismiss (Dkt. No. 61) is DENIED.  Mason's allegations in his complaint against those officers state a claim for relief.  Mason will need to repeat his allegations against Acevedo and Gonzalez in any amended complaint to ensure that they remain in the case.

Any amended complaint must be filed on or before **November 3, 2025**.  Instructions on submitting an amended complaint are given in the conclusion of this order.  <u>If no amended complaint is filed by that date, the claims against Defendants Yeh and Lara will remain dismissed with prejudice, and the case will proceed only as to the remaining defendants.</u>

## BACKGROUND

In his original complaint, Mason alleged that on January 6, 2022, he had surgery on his left knee and was ordered by the surgeon not to walk.  (Order Dismissing Complaint, Dkt. No. 9 at 2.)  He claimed that when he returned "to the prison at CTC," he informed the "RNs" that since he was ordered by the doctor not to climb stairs or to walk, he would need a wheelchair and to be moved to a lower tier cell.  (*Id.*)  He was told by the "RNs" that the building officers would handle it.  (*Id.*)  However, when he returned to the building, the "officers" said they were not going to move him without a "lower chrono."  (*Id.* at 2-3.)  Mason was forced to climb the stairs to his cell, causing him to re-tear his tendons.  (*Id.* at 3.)  He claimed that the "Nurses" refused to "do wound care that caused [him] to catch an infection."  (*Id.*)  The "Nurses" then took his pain medications, leaving him in extreme pain and suffering.  (*Id.*)  Mason alleged that he is in a wheelchair and unable to walk "due to the nurses refusing to give [him[ a lower… chrono" and "custody… forcing [him] to climb up and down the stairs to receive [his] pain meds" and exacerbate his tear.  (*Id.*)

The original complaint was dismissed with leave to amend because Mason failed to identify any defendant by name, specify where the alleged incidents took place, and because some of his allegations failed to satisfy the pleading requirements for Eighth Amendment claims. (*Id.* at 3-4.) After an extension of time was granted, Mason filed a first amended complaint, and then a second amended complaint. (Dkt. Nos. 12 and 18.) He then filed a motion for an extension of time to amend, which was granted. (Dkt. No. 20.) He then filed a third amended complaint, which is the operative complaint in this action. (Dkt. No. 26.)

In the third amended complaint, Mason alleged as follows: While housed at Salinas Valley State Prison he was sent to an outside hospital for knee surgery on January 6, 2022, which was performed by Dr. Lameer, who, after surgery, instructed him to use a lower bunk and a lower tier of housing, and not to walk, put any weight on his leg, or use stairs. (Order of Service, Dkt. No. 27 at 2.) Defendant Dr. Yeh failed to ensure that he was provided with a lower bunk, a lower tier with no stairs, or proper wound care. (*Id.*) Even after Mason informed Dr. Yeh that he needed proper wound care and a lower bunk, he was ignored. (*Id.*) Defendant Dr. Lara failed to complete the proper paperwork regarding the surgery, which resulted in Mason being transported in a van without proper accommodations for his knee and not having the proper bunk, and wound care upon return to the prison. (*Id.*) Due to these alleged failures, he had to frequently use stairs which left him injured and the lack of proper wound care resulted in an infection. (*Id.*)

Mason also alleges that Defendant Registered Nurse Kenneth Lalas failed to provide proper wound care and on another occasion Defendant Dr. Cienega and nurses Martinez, Ssempebwa, and Godbe laughed at him and did not provide proper care when his wound would not stop bleeding and became infected. (*Id.* at 3.) He also alleged that Defendants Correctional Officers Gonzalez and Salcedo ignored his requests and transported him from the hospital after surgery in a van without proper accommodations for his knee. (*Id.*) This caused him further pain and injury. (*Id.*) (Defendants note that Defendant Lalas is not a party to this motion. (*Id.* at 3 n.1.) If Mason wishes to pursue his claims against Lalas, he must include them in his amended

complaint.)

Defendants have filed two motions to dismiss under Rule 12(b)(6), which are the subject of the present order. (Dkt. Nos. 44 and 61.) Mason has filed an opposition to each motion (Dkt. Nos. 49 and 64)[1], and Defendants have filed replies (Dkt. Nos. 52 and 66).

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

In ruling on a Rule 12(b)(6) motion, a court is limited to the contents of the complaint. "The focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint." *Schneider v. CDCR*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (noting that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.")

## DISCUSSION

### A. First Motion to Dismiss by Defendants Yeh, Lara, Martinez, Ssempebwa, Godbe, and Cienega (Dkt. No. 44)

Defendants Yeh, Lara, Martinez, Ssempebwa, Godbe, and Cienega move under Rule 12(b)(6) for dismissal of the claims against them on grounds that Mason has not stated a claim for relief. (Mot. To Dismiss (MTD), Dkt. No. 44 at 1.)

#### 1. Defendants Yeh and Lara

As noted above, Mason contends in the operative complaint that Yeh failed to ensure that

---

[1] Dkt. No. 65, which is also titled as an opposition, is a copy of Dkt. No. 64.

he was provided with a lower bunk, a lower tier with no stairs, or proper wound care from January 6 to January 9, 2022. Even after Mason informed Dr. Yeh that he needed proper care and accommodations, he was ignored. He also contends that Lara failed to complete the proper paperwork regarding the surgery, which resulted in Mason being transported after the surgery in a van without proper accommodations for his knee and not having the proper bunk, and wound care upon return to the prison.

Defendants contend that the operative complaint lacks specific facts showing that Yeh and Lara were aware of Mason's post-surgery condition or the surgeon's instructions. (MTD, Dkt. No. 44 at 7.) According to Defendants, because they were not aware of his needs, they could not have been deliberately indifferent. (*Id.*) In his opposition, but not in the complaint, Mason contends Yeh and Lara had to be aware of his condition because they ordered the surgery, knew what sort of surgery he was having, spoke to Lameer prior to the surgery, and that Yeh and Lara told him during a conversation about his upcoming surgery that he would have the necessary chronos before the surgery. (Opp., Dkt. No. 49 at 1-3.) He also alleges in his opposition that Yeh and Lara would have had the requisite knowledge because after the surgery an unidentified doctor called an unidentified nurse to inform them of Lameer's post-surgery orders. (*Id.* at 2.)

A prison official is deliberately indifferent under the Eighth Amendment if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). "Thus, a prison official who 'should have been aware' of a medically related risk to an inmate, but in fact was not, 'has not violated the Eighth Amendment, no matter how severe the risk.' " *Sandoval v.*

5

*County of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Defendants' motion will be granted as to the claims against Yeh and Lara. The operative complaint does not provide any specific facts showing that Yeh and Lara were aware of Mason's post-operative needs prior to his return to the prison after surgery. Mason alleges simply that, after the operation, he told Yeh that he "needed proper wound care" and a lower bunk. (Dkt. No. 26 at 4.) But that bare allegation does not contain facts concerning what he told Yeh was deficient in his wound care or that the lower bunk requirement was part of his post-operative instructions (and not just Mason's own assessment of his needs).

Mason does include some additional facts in his opposition brief, but those are not in the complaint itself. Review under Rule 12(b) is limited to the complaint; new allegations in an opposition are "irrelevant for Rule 12(b)(6) purposes." *Schneider*, 151 F.3d at 1197 n.1. If Mason includes in his amended complaint the allegations contained in his opposition regarding Yeh's and Lara's knowledge of the surgeon's instructions, he may be able to state a claim for relief. Likewise, if Mason explains what he told Yeh was deficient about his wound care after the operation and what he said about why he needed a lower bunk, that may also state a claim. Mason will need to reallege these facts in an amended complaint to proceed with these claims against Yeh and Lara.

Accordingly, Defendants' motion to dismiss is GRANTED and the operative complaint is DISMISSED as to Yeh and Lara with leave to file an amended complaint that cures the deficiencies described above. Instructions on submitting an amended complaint will be set forth below.

### 2. Defendants Martinez, Ssempebwa, Godbe, and Cienega

Defendants' motion will be denied as to Mason's claims against Martinez, Ssempebwa, Godbe, and Cienega. In the operative complaint, Mason alleges that, on a day between his surgery on January 6 and his move to a lower bunk on January 9, these Defendants and "3 to 5 more" nurses, all unnamed, responded to Mason's call for a medical emergency based on an

infected wound that would not stop bleeding. Mason alleges that these Defendants responded by laughing at him, denying him medical care for his wounds, and taking away his pain medications. (Third Am. Compl., Dkt. No. 26 at 5.) While lacking in some specifics, Mason's allegations that these four named medical personnel denied him medical care while confronted with an infected wound that would not stop bleeding, took away his medications, and laughed at him are sufficient to state a claim for relief. Mason will have to repeat his allegations against these defendants in his amended complaint to ensure that they remain part of the case. He may wish to include further detail, such as the approximate date on which this occurred, the name of which one took his medications and other specific details about the specific actions each defendant took. Defendants' motion to dismiss the claims against these defendants is DENIED.

### B. Second Motion to Dismiss by Defendants Acevedo and Gonzalez (Dkt. No. 61)

Correctional Officers Acevedo and Gonzalez transported Mason from the hospital back to the prison after his surgery. (Third Am. Compl., Dkt. No. 26 at 5.) Mason alleges that these officers violated his Eighth Amendment rights by failing to bring a "proper ADA van" with a lift. (*Id.* at 5, 6.) He alleges without elaboration that these Defendants "caused some of my injury that made me lie in pain & have a grade 3 tear to my meniscus." (*Id.* at 3.) He also alleges that the officers "told the C/Os who were working on 1.6.22 that the surgeon said not to walk or climb stairs at all & that the medical staff in TTA said my building officers would move me." (*Id.* at 6.) In his opposition, but not in the complaint, Mason alleges that Acevedo and Gonzalez "knew I was on crutches & I was only supposed to use a van with [a] lift but refused to use a van with [a] lift & knew per there [*sic*] paperwork." (Opp., Dkt. No. 64 at 1.)

Defendants' motion to dismiss is DENIED. The allegation that these officers told other officers on January 6, 2022 about the surgeon's post-operative instructions is sufficient to support a plausible inference that Acevedo and Gonzalez received such instructions, at the very least, at the time of pick-up. At that same time, the officers saw Mason on crutches. At that time, officers could have tried to obtain an ADA van with a lift or provided a safer mode of

7

transportation rather than simply loading Mason into a van in a manner that contravened the medical instructions they had received.  Mason will have to repeat his allegations against these officers in his amended complaint.  He may wish to include in his amended complaint the information contained in his opposition to this motion to dismiss.  He may also wish to provide specific details about how his injury occurred.

## CONCLUSION

Defendants' motion to dismiss (Dkt. No. 44) is GRANTED as to the claims against Drs. Yeh and Lara and DENIED as to the claims against Martinez, Ssempebwa, Godbe, and Cienega.  The claims against Yeh and Lara are DISMSSED with leave to amend.  If Mason includes in his amended complaint the specific facts contained in his opposition supporting an inference that Yeh and Lara did in fact know of the surgeon's instructions, he may be able to state a claim for relief.

Defendants' motion to dismiss (Dkt. No. 61) the claims against Acevedo and Gonzalez is DENIED.

In any amended complaint, Mason will have to repeat his allegations against Martinez, Ssempebwa, Godbe, Cienega, Acevedo, Gonzalez, and Lalas to ensure that they remain part of the case.  Mason may wish to include further specific factual allegations in his claims against these defendants as described above.

Any amended complaint must be filed on or before **November 3, 2025**.  The amended complaint must include the caption and civil case number used in this order (23-02888 RFL (PR)) and the words FOURTH AMENDED COMPLAINT must be written on the first page. The amended complaint must also appear on this Court's form, a copy of which will be sent to him.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**Failure to file a proper amended complaint by November 3, 2025, will result in dismissal with prejudice of the claims against Yeh and Lara**.  The case would then proceed as

to the remaining defendants.

Mason's motion to extend time to file his opposition to Defendants' motion is GRANTED. (Dkt. No. 63.) His opposition is deemed timely filed.

The Clerk shall terminate Dkt. Nos. 44, 61, and 63.

**IT IS SO ORDERED.**

**Dated:** September **8**, 2025

RITA F. LIN
United States District Judge