UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MASON,<br><br>   Plaintiff,<br><br> v.<br><br>KENNETH LALAS, et al.,<br><br>   Defendants. | Case No. 23-cv-02888-RFL<br><br>**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>Re: Dkt. No. 68 |

  Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On April 1, 2025, the Court denied Plaintiff's first motion for injunctive relief. (Dkt. No. 56.) On September 8, 2025, the Court granted in part and denied in part Defendants' partial motion to dismiss. (Dkt. No. 67.) Plaintiff was provided until November 3, 2025, to file a fourth amended complaint and present additional allegations against Defendants Yeh and Lara. He has not filed an amended complaint, but did file a second motion for injunctive relief (Dkt. No. 68) and Defendants filed a response (Dkt. No. 69). The second motion for injunctive relief is denied, for the reasons explained below.

**I. BACKGROUND**

  This case continues under the operative third amended complaint. (Dkt. No. 26.) The Court found that Plaintiff stated cognizable claims related to his January 6, 2022, knee surgery. (Dkt. No. 27 at 2.) Plaintiff alleged that after his surgery he was not provided with a lower bunk, a lower tier with no stairs, or proper wound care which led to bleeding and an infection. (*Id*. at 2-3.) He also alleged that he was transported to the surgery in a van without proper

accommodations for his knee.  (*Id*. at 3.)

In his first motion for a preliminary injunction, Plaintiff alleged that his medical appointments were being postponed, he was being held in an unsanitary cell without access to drinking water, his pain medication was discontinued, and Defendants continued to ignore his requests for medical attention, including complaints of chest pain, difficulty breathing, and psoriasis.  (Dkt. No. 41 at 1-11.)  Plaintiff did not identify any individual Defendants or dates for these alleged violations, but he attached several exhibits that contained allegations that occurred in December 2024 and January 2025.  (*Id*. at 3-11.)  Defendants' response to the first motion included declarations and exhibits that described Plaintiff's cell conditions and the medical care he received related to certain aspects of his knee surgery in 2022 and his medical care from December 2024 to February 2025.

The Court denied the motion.  The Court first noted that Plaintiff failed to provide evidence that any of the Defendants in this action were responsible for the recent allegations in his motion and most of his allegations were not part of this case.  The Court informed Plaintiff that it only has jurisdiction over the Defendants and subject matter of this case.  *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  The Court also looked to the merits of the motion and found that Plaintiff had not shown that he was being denied medical care, and the undisputed record demonstrated that when Plaintiff submitted grievances related to his cell conditions, the problems were promptly fixed.

In this second motion for injunctive relief, Plaintiff contends that he is being denied access to the law library, people are interfering with his food, staff will not provide him with camera footage to prove these allegations, he cannot get his water tested, he does not have privacy in his cell and believes there is a hidden camera, his safety concerns are being ignored, and he is being denied proper medical care for his psoriasis, pain, stomach and leg issues, and back pain.  (Dkt. No. 68 at 3.)  For relief, Plaintiff seeks the Court to subpoena camera footage

and to be transferred to a different facility. (*Id.*) Plaintiff again fails to identify any specific individuals or any Defendants in this case.

## II.    MOTION FOR INJUNCTIVE RELIEF

A "preliminary injunction is an extraordinary and drastic remedy" that should not be granted unless the movant shows "substantial proof" and, "*by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (internal quotation marks and citation omitted). To obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit employs a sliding scale approach in weighing these factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The first factor, whether a movant is likely to succeed on the merits, is especially important. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). When a movant has failed to show a likelihood of success on the merits, the Court need not consider the remaining three *Winter* factors. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Preliminarily, the Court again notes that Plaintiff fails to provide evidence that any of the Defendants in this action were responsible for the allegations in his second motion and all the allegations are not part of this case. The Court only has jurisdiction over the Defendants and subject matter of this case. *See* Zepeda at 727. For these reasons alone, Plaintiff is not entitled to injunctive relief.

Even assuming the Defendants in this case were responsible for the conduct Plaintiff describes, his brief and general statements lack detail and do not show that he is likely to succeed on the merits or will suffer irreparable harm in the absence of relief. With respect to medical issues, he does not describe what care was denied or what he requests the Court to order. He simply lists the other allegations but does not provide any support or details. Plaintiff does not carry his burden to meet the standard required to obtain preliminary injunctive relief.

To the extent Plaintiff requests a subpoena or wants the Court to subpoena the camera footage, any such request is denied. The camera footage does not appear related to the issues in this case. If the camera footage is relevant to the subject matter of this action, Plaintiff can request it from Defendants through discovery. If he cannot obtain the footage through discovery, he may request a subpoena. If the camera footage is not relevant to this case but is relevant to other claims, Plaintiff may file a new civil rights case and seek the footage in the new case. Plaintiff also requests to extend a deadline, but he is not specific as to what deadline. The only current deadline was for a fourth amended complaint to be filed by November 3, 2025. That deadline will be extended.

### III. CONCLUSION

Plaintiff's second motion for injunctive relief (Dkt. No. 68) is DENIED. Plaintiff's request for an extension of time to file a fourth amended complaint is GRANTED. The fourth amended complaint shall be filed by **December 22, 2025**, and he should follow the instructions from the Court's prior order. Failure to file a proper amended complaint by December 22, 2025, will result in dismissal with prejudice of the claims against Yeh and Lara.

If Plaintiff believes his constitutional rights were violated by the events he described in the second motion for injunctive relief, the method for pursuing those claims would be to file a new civil rights action concerning those allegations.

**IT IS SO ORDERED.**

Dated: November 18, 2025

RITA F. LIN
United States District Judge