UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MASON,<br><br>      Plaintiff,<br><br>      v.<br><br>KENNETH LALAS, et al.,<br><br>      Defendants. | Case No. 23-cv-02888-RFL<br><br>**ORDER DISMISSING DEFENDANT;**<br><br>**ORDER DIRECTING REMAINING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK**<br><br>Re: Dkt. No. 74 |

**INTRODUCTION**

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On September 8, 2025, the Court granted in part and denied in part Defendants' partial motion to dismiss. (Dkt. No. 67.) The claims against Defendant Drs. Lara and Yeh were dismissed with leave to amend. After several extensions, Plaintiff was provided until February 17, 2026, to file a fourth amended complaint and present additional allegations against these Defendants. Plaintiff timely filed a fourth amended complaint, and Defendants filed a motion requesting the Court to screen the amended complaint. (Dkt. No. 74.)

Because Plaintiff again failed to plead sufficient allegations demonstrating that Dr. Yeh was aware of his post-surgery conditions or the surgeon's instructions, he has not met the knowledge element required to state a claim of deliberate indifference to medical needs. Dr. Yeh is DISMISSED with prejudice from this action.

Plaintiff has presented sufficient allegations in the fourth amended complaint demonstrating that Dr. Lara violated the Eighth Amendment by failing to provide proper medical care and medical accommodations. Dr. Lara and the remaining Defendants shall file a motion for summary judgment, or a notice regarding such motion, on or before **May 4, 2026**.

1

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Background**

**Motion to Dismiss**

The order dismissing the claims against Defendants Yeh and Lara determined that Plaintiff had not alleged sufficient facts in the operative complaint showing that these Defendants were aware of his post-surgery conditions or the surgeon's instructions.  (Dkt. No. 67 at 1.)  Leave to amend was allowed because Plaintiff described facts in his opposition to the

motion to dismiss that might be sufficient if added to an amended complaint if combined with additional information. (*Id*.)  Specifically, Plaintiff had stated in his opposition brief that Defendants spoke to the surgeon, and the surgeon told them what was required for Plaintiff's rehabilitation, including no stairs, a wheelchair, and no walking for six weeks.  (Dkt. No. 49 at 2-3.)  He also stated that he had a conversation with Defendants where they reassured him that he had nothing to worry about regarding his rehabilitation.  (*Id*. at 4.) The order on the motion to dismiss informed Plaintiff that in an amended complaint, if he included the allegations contained in his opposition regarding Defendants' knowledge of the surgeon's instructions, he may be able to state a claim for relief.  (Dkt. No. 67 at 6.)   If he explained what he told Dr. Yeh was deficient about his wound care after the operation and what he said about why he needed a lower bunk, that may also state a claim.  (*Id*.)  He was informed that describing his own assessment of his needs was insufficient.  (*Id*.)

### Plaintiff's Allegations

Plaintiff alleges as follows:  He had knee surgery in January 2022.  (Dkt. No. 73 at 3.) Dr. Lara refused to provide Plaintiff with a lower bunk on a lower floor, and he failed to file the appropriate paperwork for him to be transported in a proper medical vehicle, and to receive proper wound care, and pain medication.  (*Id*.)  An unidentified nurse at the prison told Plaintiff that he called Dr. Lara and informed him that Plaintiff was not supposed to walk, climb, or put too much weight on his knee for six weeks.  (*Id*.)  Dr. Lara continued to disregard Plaintiff's medical needs.  (*Id*.)  Plaintiff was forced to walk stairs each day, which led to a tear in his meniscus tendon that required a second later surgery.  (*Id*. at 5.)

Plaintiff states that three days after his initial surgery he notified Dr. Yeh that he needed wound care and a lower bunk and floor, but he did not comply.  (*Id*. at 7.)

**C.     Analysis**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of

two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is deliberately indifferent under the Eighth Amendment if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). "Thus, a prison official who 'should have been aware' of a medically related risk to an inmate, but in fact was not, 'has not violated the Eighth Amendment, no matter how severe the risk.'" *Sandoval v. County of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The fourth amended complaint still does not provide sufficient facts showing that Dr. Yeh was aware that Plaintiff faced a substantial risk of serious harm.  With respect to Dr. Yeh, Plaintiff only repeats the allegations from the prior complaint.  He fails to explain what he told Dr. Yeh about his wound care and why it was deficient or why he needed a lower bunk and floor. He does not sufficiently allege that Dr. Yeh was aware of the surgeon's instructions or the problems with his wound care or the need for a lower bunk and floor.  Accordingly, the claims against Dr. Yeh are dismissed for the same reasons as set forth in the motion to dismiss.  Plaintiff was advised about the specific information that was needed but he has not attempted to address this issue.  The dismissal is with prejudice because it would be futile to allow further amendments.

With respect to Dr. Lara, Plaintiff adds new details.  Plaintiff states that a nurse at the prison called Dr. Lara and informed him of the requirements for rehabilitation.  Liberally

4

construing the allegations, Plaintiff has adequately alleged that Dr. Lara was aware of his post-surgery conditions and the surgeon's instructions and failed to provide proper care and medical accommodations in violation of the Eighth Amendment.[1]

**CONCLUSION**

1.      The motion to screen the fourth amended complaint (Dkt. No. 74) is GRANTED. Dr. Yeh is DISMISSED with prejudice from this action.  The case continues against Dr. Lara and the remaining Defendants.

2.      On or before **May 4, 2026**, Defendants shall file a motion for summary judgment with respect to the claim(s) in the complaint previously found to be cognizable.

        a.      If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than forty-five (45) days from the date Defendants' motion is filed.

4.      Defendants shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the Plaintiff with the Court must be served on Defendants, or on Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under the Federal Rule of Civil Procedure is required before the parties

---

[1] Plaintiff attempts to add a new retaliation claim in the fourth amended complaint.  Plaintiff does not identify a Defendant or provide sufficient allegations to proceed with such a claim.  The claim is dismissed without prejudice and Plaintiff may raise it in a separate action.  This case continues solely as to the Eighth Amendment claim involving Plaintiff's medical care.

may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012).  Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'

declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: March 5, 2026

RITA F. LIN
United States District Judge